DECISION AND JUDGMENT ENTRY
On April 9, 1999, Fawcett was convicted of assault and sentenced in the Fostoria Municipal Court in connection with an incident which apparently occurred in Wood County, Ohio. Courts in Wood County are under the jurisdiction of the Sixth District Court of Appeals. Fawcett filed a timely appeal in the Fostoria Municipal Court which stated that he was appealing to the Third
District Court of Appeals of Ohio which has jurisdiction overinter alia, Seneca County, the county in which the Fostoria Municipal Court is physically located. On September 24, 1999, the third district dismissed Fawcett's appeal "without prejudice" and issued an opinion which states:
 "Defendant-appellant, Steven A. Fawcett appeals from the March 19, 1999, judgment entry of conviction in the Fostoria Municipal Court for one count of assault pursuant to R.C. 2901.13(A), a misdemeanor of the first degree. For the following reasons, we dismiss the appellant's appeal.
 "It appears from the record that this incident occurred in Wood County, Ohio. Article IV, Section 3
of the Ohio Constitution and R.C. 2501.01 provides (sic) that cases arising out of Wood County are within the jurisdiction of the Sixth District Court of Appeals. Therefore, this Court, the Third District Court of Appeals, lacks jurisdiction to hear this matter.
 "Accordingly, this matter is dismissed without prejudice. Case dismissed."
Based on this dismissal, appellant has asked this court to allow him to amend his timely filed notice of appeal to indicate that he is appealing to the Sixth District Court of Appeals.
We agree with the third district that Article IV, Section 3(B)(2) of the Ohio Constitution and R.C. 2501.01
establish appellate court jurisdiction, but we do not agree that they provide "that cases arising out of Wood County are within the jurisdiction of the Sixth District Court of Appeals." The applicable section of the Ohio Constitution states:
 "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district, except that courts of appeals shall not have jurisdiction to review on direct appeal a judgment that imposes a sentence of death. Courts of appeals shall have such appellate jurisdiction as may be provided by law to review and affirm, modify, or reverse final orders or actions of administrative officers or agencies." (Emphasis added.)
As we read this portion of the constitution, appellate courts have jurisdiction over orders issued by courts within the appellatedistrict, not over orders issued in cases "arising out of" counties within the appellate district.
This court has held that the location of the trial court
dictates which appellate district has jurisdiction over the cases decided in that court, not the location of the incident. SeeGilley v. Dibling (Feb. 17, 1993), Wood App. No. 92WD103, unreported, where this court stated, "Since Fostoria Municipal Court is located in Seneca County, it is not an inferior court of record within the sixth appellate district. Consequently, this court lacks subject matter jurisdiction over this appeal, regardless of where the accident in question occurred." See, also, State v. Brown (Aug. 21, 1995), Wood App. No. WD-95-042. This same conclusion was reached by the ninth appellate district in Advance Sign Co., Inc. v. Chicken Express, Inc. (Aug. 24, 1988), Lorain App. Nos. 4313 and 4314, unreported. In that case, the Ninth District Court of Appeals dismissed an appeal taken from a decision rendered in the Vermilion Municipal Court, which is located in Erie County and has jurisdiction in both Lorain and Erie Counties. Lorain County is within the ninth appellate district, but Erie County is within the sixth appellate district. The ninth district held that it lacked jurisdiction to hear the appeal since the trial court is located in Erie County.
In the instant case, the Fostoria Municipal Court has jurisdiction over Seneca, Hancock and portions of Wood Counties, but the court itself is located within Seneca County. Seneca County is in the third appellate district, not the sixth appellate district. See R.C. 2505.01(C) and (F). Thus, the proper appellate district to hear this appeal is the third appellate district.
We find our decision to be in conflict with the Third District Court of Appeals decision in State v. Fawcett (Sept. 24, 1999), Seneca App. No. 13-99-14, unreported. Section (3)(B)(4) of the Ohio Constitution states that "[w]henever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination." Accordingly, we hereby certify the record of this case to the Ohio Supreme Court on the following issue: Is the jurisdiction of an Ohio appellate district contingent upon the county where the trial court is located or upon the county where the incident which is the subject of the case occurred?
Finding that this court has no jurisdiction to hear this appeal, the motion to amend the notice of appeal is denied and this appeal is ordered dismissed at appellant's costs.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 Melvin L. Resnick, J.
 Richard W. Knepper, J.
CONCUR.